Lowenstein v. Sorge.

—: possession: presumption of ownership: instruction.

SOLOMON LOWENSTEIN, Appellant, v. A. G. SORGE, Respondent.

Kansas City Court of Appeals, May 2, 1898.

Bills and Notes; PRINCIPAL AND SURETY: SIGNING AFTER DELIVERY: CONSIDERATION. One who signs a note as surety after its delivery is not bound thereby unless there is some new consideration.

*Appeal from the Sullivan Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

CALFEE & SWANGER for appellant submitted brief on the evidence and instructions.

JNO. P. BUTLER and CHILDERS BROS. for respondent.

One who signs a note after it has been delivered is not liable, unless some new consideration passed and

the note redelivered. Williams v. Williams, 67 Mo. 661; Montgomery Co. v. Archley, 92 Mo. 126; McMahan v. Grieger, 73 Mo. 145; McFarland v. Heim, 127 Mo. 327; Ring v. Kelly, 10 Mo. App. 411; Hartman v. Redman, 21 Mo. App. 124; Messenger v. Vaughn, 45 Mo. App. 15.

ELLISON, J.—This action is on a promissory note signed by defendant and J. D. Seaman. Defendant prevailed in the trial court and plaintiff appealed.

It appears by the evidence that Seaman was indebted to plaintiff for merchandise. That at plaintiff's request he settled the account by executing and delivering the note in question due in one day after date. That afterward (plaintiff says one day and defendant says one month) defendant signed the note as surety for Seaman. There was no consideration moving between the parties at the time of defendant's signing. The transaction between plaintiff and Seaman whereby Seaman signed and delivered the note was a completed transaction. When defendant *afterward*, without any new consideration, attached his name to the note, whereby, ostensibly, he obligated himself to pay it, it was a mere *nudum pactum* and created no liability.

Points of objection are raised here as to the court's action in admitting evidence as to conversation between plaintiff and defendant at the time and just prior to his signing the note. The rule invoked by plaintiff which disallows parol evidence of what was said prior to and contemporaneous with the execution of a written contract is well established. But it need not be considered here, since under the testimony given by plaintiff himself the judgment was for the right party. That testimony showed there was no consideration for defendant's execution of the note.

The judgment is affirmed. All concur.