HENRY GIESEKER, Appellant, v. DOROTHEA VOLL-MER, Respondent.

**St. Louis Court of Appeals, April 9, 1901.**

1. **Promissory Note:** SIGNATURE TO NOTE: CONSIDERATION. In the case at bar, defendant affixed her name to the note in suit after its maturity, without receiving any consideration for such act.

2. ———: ———: ———: NUDUM PACTUM. And under the circumstances in the case at bar, defendant did not become bound for the performance of the contract expressed by the note, which was wholly, as to her, a *nudum pactum*.

3. ———: ———: ———: EXECUTORY CONTRACT. And the contract in question being wholly executory, was not enforcible against defendant in any capacity, in the absence of a legal consideration.

Appeal from St. Louis City Circuit Court.—*Hon. Jacob Klein,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

On August 1, 1896, one Henry Vollmer gave his note for eight hundred dollars, payable one year after date, to Henry Gieseker, with five per cent interest.    On the third of November, 1897, the said Henry Vollmer died, and his wife,

Dorothea, was appointed his administratrix.    About two weeks after the death of her husband his widow signed her name below his as one of the makers of said note.    She did this at the request of the wife of the payee.

The testimony shows that the note was overdue and that she received nothing whatever as a consideration for her signature.    There was evidence tending to prove that the note bore an indorsement of interest paid thereon up to January, 1898, and a further statement in writing by the administratrix waiving notice of the demand evidenced thereby and calling on the claimant to testify, and that the amount of said note was allowed by the probate court as a demand of the fifth class against the estate of Henry Vollmer.    The signature of Dorothea Vollmer was put upon the note when the same was presented to her by the wife of the payee, who testifies that she (Dorothea Vollmer), said, "I will sign because I know we got the money."    The witness further testified, however, that no consideration was given to Mrs. Dorothea Vollmer for her signature.

The case was submitted to the court without a jury; no instructions were asked or given and a judgment rendered for Dorothea Vollmer in the present suit on the note against her by the payee therein, from which plaintiff has appealed.

*Henry Boemler* for appellant.

(1)    Where one becomes the indorser of a negotiable note after its maturity, and after the death of the maker with the knowledge of such death, he will be held liable as indorser, if the holder in due time procures the allowance of the note by the probate court against the estate of the maker.    Picklar v. Harlan, 75 Mo. 678; Davis v. Francis, 11 Mo. 572; Dullard v. Hardy, 47 Mo. 403.    (2)    It is now quite well settled,

where negotiable paper is received in payment and extinguishment of a pre-existing debt, the holder is entitled to protection. 1 Parsons on Bills and Notes, 221; Adams v. Higgins, 73 Mo. App. 14; Dullard v. Hardy, 47 Mo. 403. (3) We have already seen that a note indorsed and given for an antecedent debt is under some circumstances at least good. 1 Parsons on Bills and Notes, p. 220; Davis v. Francis, 11 Mo. 572.

*Lubke & Muench* for respondent.

(1) A party who signs a note after its execution and delivery, and after the consideration therefor has passed between the original parties, incurs no liability unless some new consideration passes. Williams v. Williams, 67 Mo. 661; McMahon v. Geiger, 73 Mo. 145; Burrus v. Davis, 67 Mo. App. 210; Lowenstein v. Sorge, 75 Mo. App. 281; Ryan v. Krusor, 76 Mo. App. 496. (2) The rule is the same whether the party signs as joint maker, indorser or guarantor. Stagg v. Linnenfelser, 59 Mo. 336. (3) Even when an executor gives his own note for a debt of the deceased, and there are no assets in the estate, nor is there any forbearance contracted for by the creditor, the note is void as being *nudum pactum*. Rittenhouse v. Ammerman, 64 Mo. 197.

BOND, J.—The trial court evidently found from the evidence that the defendant added her name to the note in suit after its delivery to the payee and after its maturity, without receiving any consideration whatever for such act. Under these circumstances she did not become bound for the performance of the contract expressed by the note, which was wholly a *nudum pactum* as to her. The contract in question being wholly executory, was not enforcible against her in any capacity, in the absence of a legal consideration. Stagg v. Linnen-

felser, 59 Mo. 336; McMahon v. Geiger, 73 Mo. loc. cit. 148, Lowenstein. v. Sorge, 75 Mo. App. 281.

The case presents nothing for review, since there was ample testimony to support the finding of the lower court. Its judgment is, therefore, affirmed. All concur.